UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
JASPER DIVISION

| | |
|---|---|
| SANDRA KAYE LANE, ] | |
| ] | |
| Plaintiff, ] | |
| ] | |
| vs. ] | 6:10-CV-02141-LSC |
| ] | |
| ALLSTATE INSURANCE COMPANY, ] | |
| et al., ] | |
| ] | |
| Defendants. ] | |

MEMORANDUM OF OPINION

I. Introduction.

Plaintiff Sandra Kaye Lane ("Lane"), a resident citizen of Walker County, Alabama, filed this action against Allstate Insurance Company ("Allstate"), Greg O'Rear ("O'Rear"), and Lisa Barkley ("Barkley") in the Circuit Court of Walker County, Alabama, on July 1, 2010. Plaintiff seeks compensatory, punitive, and consequential damages from Allstate for breach of contract, bad faith refusal to pay, breach of good faith and fair dealing, and unjust enrichment under Alabama law. Plaintiff also alleges a claim of negligent misrepresentation against O'Rear. While Barkley is

named as a defendant, there are no discernible claims against her in the complaint. Defendants removed the action to this Court on August 5, 2010, averring federal jurisdiction pursuant to 28 U.S.C. § 1332 (diversity). Defendants claim that O'Rear and Barkley, both citizens of Alabama, were fraudulently joined in order to defeat diversity.

Defendants O'Rear and Barkley filed motions to dismiss. (Docs. 3, 4.) On September 7, 2010, Plaintiff filed a motion to remand, contending that Defendants have not established the amount in controversy exceeds $75,000, exclusive of interest and costs, and O'Rear and Barkley were properly joined. (Doc. 6.) The issues raised in these motions have been briefed by the parties. Upon full consideration and for the reasons set forth below, this Court finds that Defendants' motions to dismiss are due to be granted and Plaintiff's motion to remand is due to be denied.

II.   Standard.

"Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). For removal to be proper, the court must have subject-matter jurisdiction in the case. "Only state-

court actions that originally could have been filed in federal court may be removed to federal court by the defendant." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987).  In addition, the removal statute must be strictly construed against removal, and any doubts should be resolved in favor of remand.  *See Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1095 (11th Cir. 1994).  Defendants bear the burden of establishing subject-matter jurisdiction.  *See Wilson v. Republic Iron & Steel Co.*, 257 U.S. 92, 97 (1921).

III.   Analysis.

In order to exercise jurisdiction over an action pursuant to § 1332(a), this Court must assure itself that the parties are completely diverse and the amount in controversy exceeds $75,000, exclusive of interest and costs.  *See, e.g., Triggs v. John Crump Toyota, Inc.*, 154 F.3d 1284, 1287 (11th Cir. 1998).  Because it removed this action, Defendants have the burden of establishing the propriety of diversity subject-matter jurisdiction.  *See Wilson*, 257 U.S. at 97.

   A.   Amount in Controversy.

Plaintiff failed to demand a specific amount in their prayer for relief.  "Where a plaintiff fails to specify the total amount of damages demanded

. . . a defendant seeking removal based on diversity jurisdiction must prove by a preponderance of the evidence that the amount in controversy exceeds the $75,000 jurisdictional requirement." *Leonard v. Enterprise Rent a Car*, 279 F.3d 967, 972 (11th Cir. 2002) (citing *Tapscott v. MS Dealer Serv. Corp.*, 77 F.3d 1353, 1356-57 (11th Cir. 1996), *overruled on other grounds by Cohen v. Office Depot, Inc.*, 204 F.3d 1069 (11th Cir. 2000)). "The substantive jurisdictional requirements of removal do not limit the types of evidence that may be used to satisfy the preponderance of the evidence standard." *Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 755 (11th Cir. 2010). "Defendants may introduce their own affidavits, declarations, or other documentation—provided of course that removal is procedurally proper." *Id.*

"A court's analysis of the amount-in-controversy requirement focuses on how much is in controversy at the time of removal. . . ." *Id.* at 751. "[T]he plaintiff['s] likelihood of success on the merits is largely irrelevant to the court's jurisdiction because the pertinent question is what is in controversy in the case, not how much the plaintiff[ is] ultimately likely to recover." *Id.* (quoting *Amoche v. Guarantee Trust Life Ins. Co.*, 556 F.3d

41, 51 (1st Cir. 2009)). The Court gives great weight to the plaintiff's assessment of the value of his/her claim. *See Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1094 (11th Cir. 1994). "[T]he removing defendant must establish the amount in controversy by 'the greater weight of the evidence, . . . a superior evidentiary weight that, though not sufficient to free the mind wholly from all reasonable doubt, is still sufficient to incline a fair and impartial mind to one side of the issue rather than the other.'" *Lowery v. Ala. Power Co.*, 483 F.3d 1184, 1209 (11th Cir. 2007) (quoting Black's Law Dictionary 1220 (8th ed. 2004)). The "removing defendant is not required to prove the amount in controversy beyond all doubt or to banish all uncertainty about it." *Pretka*, 608 F.3d at 753. "The law does not demand perfect knowledge or depend any less on reasonable inferences and deductions than we all do in everyday life." *Id*.

It is undisputed that Allstate issued a homeowners policy to Lane, which provided certain loss coverage for Plaintiff's house and personal property. On or about January 8, 2009, a fire occurred at Lane's home. Allstate subsequently denied Plaintiff's insurance claim, stating that the fire was incendiary in nature, Lane had motive and opportunity, and Lane

misrepresented and/or concealed material facts after the loss.  In an effort to demonstrate the value of Plaintiff's claims, Allstate attached to its Notice of Removal a copy of what purports to be a "Sworn Statement in Proof of Loss," completed by Lane as part of the insurance claim process.  (Notice of Removal, Ex. C.)  In the sworn statement, Plaintiff claims a loss of property in the amount of $89,500 due to fire.  (*Id*.)  Acknowledging that the total insurance on her property totaled $120,700, Lane writes "$89,700.00" for "[t]he Amount Claimed under the above numbered policy."  (*Id*.)  Defendants argue that this sworn statement establishes the value of Plaintiff's breach of contract claim.

Lane does not dispute the authenticity of the sworn statement, but she argues that Defendants have not established the amount in controversy by a preponderance of the evidence because an Allstate memorandum lists its expert's "repair estimate" as $36,139.25, or $39,769.15 less depreciation of $3,629.90.  Plaintiff contends that this evidence creates a dispute of fact over the value of her claim.  First, the Court notes that the "repair estimate" likely does not include the value of lost personal property.  Yet, even assuming this evidence shows a dispute as to the value of Lane's total

loss and the amount she is entitled to recover in this action, should she prevail, the question before the Court is not how much Plaintiff is likely to recover. The question is, what is the amount that has been placed *in controversy*? Defendants have provided uncontroverted evidence that Plaintiff has placed at least $89,700 in controversy. The Court is satisfied that the amount in controversy exceeds $75,000, exclusive of interest and costs.

B.  Fraudulent Joinder.

"Diversity jurisdiction [also] requires complete diversity; every plaintiff must be diverse from every defendant." *Triggs v. John Crump Toyota, Inc.*, 154 F.3d 1284, 1287 (11th Cir. 1998). Plaintiff is a resident citizen of Alabama, as are Defendants O'Rear and Barkley. At first glance, diversity jurisdiction appears to be lacking. Defendants argue, however, that O'Rear and Barkley have been fraudulently joined to this action.

This Court is free to disregard the citizenship of any defendant it determines has been fraudulently joined. *Id*. at 1287. In *Triggs*, the Eleventh Circuit Court of Appeals described three situations when a defendant can be considered to have been fraudulently joined:

> Fraudulent joinder is a judicially created doctrine that provides an exception to the requirement of complete diversity. Joinder has been deemed fraudulent in two situations. The first is when there is no possibility that the plaintiff can prove a cause of action against the resident (non-diverse) defendant. The second is when there is outright fraud in the plaintiff's pleading of jurisdictional facts. In *Tapscott [v. MS Dealer Service Corp.]*, 77 F.3d at 1355 (11th Cir. 1996), a third situation of fraudulent joinder was identified—i.e., where a diverse defendant is joined with a nondiverse defendant as to whom there is no joint, several or alternative liability and where the claim against the diverse defendant has no real connection to the claim against the nondiverse defendant.

*Id.* (internal citations omitted).

The burden on the removing party to prove fraudulent joinder, however, is a "heavy one." *Crowe v. Coleman*, 113 F.3d 1536, 1538 (11th Cir. 1997); *see also, De Perez v. AT&T Co.*, 139 F.3d 1368, 1380 (11th Cir. 1998). In assessing a fraudulent joinder objection, "the district court must evaluate factual allegations in the light most favorable to the plaintiff and resolve any uncertainties about the applicable law in the plaintiff's favor." *De Perez*, 139 F.3d at 1380. The "determination of whether a resident has been fraudulently joined must be based upon the plaintiff's pleadings at the

time of removal, *supplemented by any affidavits and deposition transcripts submitted by the parties.*"  *Legg v. Wyeth*, 428 F.3d 1317, 1322 (11th Cir. 2005) (emphasis in original) (quoting *De Perez*, 139 F.3d at 1380).

"The proceeding appropriate for resolving a claim of fraudulent joinder is similar to that used for ruling on a motion for summary judgment under Fed. R. Civ. P. 56(b)." *Id*. at 1322-23 (internal citations omitted). Even though factual considerations are resolved in favor of the plaintiff, "there must be some question of fact before the district court can resolve that fact in the plaintiff's favor." *Id*. at 1323.  In other words, if the Defendant offers sworn statements supporting the allegation of fraudulent joinder, the Plaintiff must present evidence to dispute the assertions in the affidavits or other evidence. *Id*. When evidence submitted by the Defendant is undisputed, "the court cannot then resolve the facts in the Plaintiffs' favor based solely on the unsupported allegations in the Plaintiffs' complaint." *Id*. The Court simply cannot, "*in the absence of any proof, assume that the nonmoving party could or would prove the necessary facts.*" *Id*. (quoting *Badon v. RJR Nabisco, Inc.*, 224 F.3d 382, 393-94 (5th Cir. 2000)(emphasis in original)(internal citations omitted)).

In addition to factual considerations, the Plaintiff must state a valid claim. However, "[i]f there is even a possibility that a state court would find that the complaint states a cause of action against any one of the resident defendants, the federal court must find that the joinder was proper and remand the case to the state court." *Triggs*, 154 F.3d at 1287 (internal citations omitted). When assessing possibility, the Eleventh Circuit has colorfully stated that "[i]n considering *possible* state law claims, possible must mean more than such a possibility that a designated residence can be hit by a meteor tonight. That is possible. Surely, as in other instances, reason and common sense have some role." *Legg*, 428 F.3d at 1325 n.5 (internal citations omitted). In other words, a plaintiff must show that the potential for legal liability is "reasonable" and "not merely theoretical." *Id.* (citing *Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 312 (5th Cir. 1992)).

Lane's only claim against Defendant O'Rear is one of "negligent misrepresentation." Plaintiff contends that when O'Rear sold her the Allstate insurance policy, he represented that Allstate "would honor all reasonably legitimate claims submitted by the Plaintiff or any other Allstate

insured" (Compl. ¶ 30), and "Allstate maintains a noted reputation where the company puts its[] customers first by making every possible effort and considering each and every scenario that may support any claim of loss" (*Id.* ¶ 31). Lane contends that these statements were false because Allstate later denied her insurance claim and "violated the Plaintiff's trust by alleging that the Plaintiff was somehow responsible for the house fire and that she had misrepresented and/or concealed material facts about the house fire in an effort to 'cover her tracks.'" (*Id.*)

"In *Boykin v. Arthur Andersen & Co.*, [the Alabama Supreme] Court adopted *Restatement (Second) of Torts* § 552 (1977) as the law of this State in cases involving negligent misrepresentations relied upon by third parties, or parties who were not in privity of contract with the person making the misrepresentation." *Fisher v. Comer Plantation, Inc.*, 772 So. 2d 455, 461 (Ala. 2000). "*Restatement* § 552 reads[, in part,] as follows:

> (1) One who, in the course of his business, profession or employment, or in any other transaction in which he has a pecuniary interest, supplies *false information* for the guidance of others in their business transactions, is subject to liability for pecuniary loss caused to them by their *justifiable reliance* upon the information, if he fails to exercise

> reasonable care or competence in obtaining or communicating the information.

*Id.* (emphasis added).

There are, however, no allegations that O'Rear's representations to the plaintiff were related to then-existing false facts or information. Lane does not contend that O'Rear gave false information about the content or coverage of the insurance policy. It is not claimed that Allstate denied her insurance claim for lack of fire or property coverage. Rather, Plaintiff avers that Allstate denied her insurance claim under the "Intentional Loss and Criminal Acts" provision, as well as the "Concealment of Fraud" provision. (Compl. ¶ 15.) O'Rear's representations that Allstate "would honor all reasonably legitimate claims" and "puts its[] customers first by making every possible effort and considering each and every scenario that may support any claim of loss" cannot be reasonably construed to mean that Allstate was obligated to pay any insurance claim submitted by the plaintiff, or even any insurance claim that Plaintiff herself deemed legitimate. Whether Allstate's conclusions regarding Plaintiff's conduct are right or wrong, O'Rear's statements do not foreclose the denial of Plaintiff's claims

for the reasons given. If Lane relied on O'Rear's representations and believed that any and all insurance claims she submitted under the homeowner's policy would be paid without question or possible exclusion under the terms of the insurance contract, that reliance was not justified. *See Sly v. First Nat'l Bank of Scottsboro*, 387 So. 2d 198, 200 (Ala. 1980). If a breach of contract is proven and Plaintiff establishes she is entitled to recover under the homeowner's policy, Allstate will honor Lane's claim. Because Plaintiff cannot, under the facts alleged, prove a negligent misrepresentation action against O'Rear, he is deemed to be fraudulently joined and will be dismissed.

With regard to Defendant Barkley, it is absolutely clear that she is an improper defendant. While the complaint includes allegations related to the fact that Barkley was the Allstate employee that denied Lane's insurance claim, Plaintiff does not set forth any cause of action against Barkley. In support of remand, Plaintiff argues that she has included causes of action against Barkley, but does not identify the purported legal claims. (Doc. 6.)

Descriptions of Barkley's actions are included only under "Count I:

Breach of Contract" and "Count II: Bad Faith Refusal to Pay." There are, however, no allegations that Barkley was a party to a contract with Lane, an element that is required to establish both causes of action. *See, e.g., Pate v. Rollison Logging Equip., Inc.*, 628 So. 2d 337, 343 (Ala. 1993) (breach of contract); *Thomas v. Principal Fin. Grp.*, 566 So. 2d 735, 742 (1990) (bad faith refusal). Barkley is not named at all in "Count III: Breach of Good Faith and Fair Dealing," or "Count IV: Negligent Misrepresentation." Since Plaintiff has not stated a cause of action against Barkley, she is also deemed to be fraudulently joined and will be dismissed.

IV.   Conclusion.

For the reasons stated above, Defendants' motions to dismiss will be granted and Plaintiff's motion to remand will be denied. A separate order will be entered.

Done this <u>3rd</u> day of <u>December 2010</u>.

_____
L. SCOTT COOGLER
UNITED STATES DISTRICT JUDGE
139297